Diane DARROUGH *v.* TOBACCO SUPERSTORE, INC.

08-587                                          285 S.W.3d 626

Supreme Court of Arkansas
Opinion delivered June 19, 2008

*Hunt & Harris Law Firm,* by: *Eugene Hunt,* for appellant.

*Bridges, Young, Matthews & Drake, PLC,* by: *John P. Talbot;* and *The Kullman Firm,* by: *Henry P. Julien, Jr.* and *Robert P. Lombardi,* for appellee.

Per Curiam. Appellee, Tobacco Superstore, Inc. (TSI), has filed a motion to dismiss the appeal filed by Appellant Diane Darrough, contending that Darrough has failed to designate the entire record on appeal and continues to "refuse" to supply this court with any additional portions of the record.

The circuit court dismissed Darrough's claims against TSI with prejudice by order entered February 15, 2008. On March 13, 2008, Darrough filed a timely notice of appeal in which she designated only certain portions of the record for appeal purposes. On March 20, 2008, TSI filed a "designation of additional record" in which it contended that Darrough's notice of appeal did not comply with Ark. R. App. P.–Civ. 3(g), in that Darrough failed to disclose her points on appeal; in addition, TSI designated "the entire trial record, including all pleadings, exhibits, and proceedings, to be included in the appellate record." On March 24, 2008, TSI filed a notice of cross-appeal in which it asserted that, due to Darrough's notice of appeal and its own designation of additional

record, the cross-appeal did not "require designation of any additional record or the ordering of any transcript."

In response to TSI's additional designation, Darrough wrote to TSI's counsel on March 28, 2008, and stated that she would pay for the record that she designated, but TSI would be responsible for payment of any additional portions that it sought to have included. Darrough then filed an amended notice of appeal and designation of the record on April 21, 2008, in which she specified her point on appeal; however, her designation of the record continued to list only portions of the record. Following further correspondence in which TSI "disagreed" with Darrough's conclusion that she was only responsible for paying for that portion of the record that she had designated, TSI filed an amended designation of additional record on April 28, 2008, in which it again named additional documents to be included and also sought inclusion of the transcript of a hearing held on January 3, 2008.

TSI filed its instant motion to dismiss Darrough's appeal on May 15, 2008. In its motion, it complains that Darrough continues to refuse to supply or pay for the additional portions of the record that TSI designated. TSI acknowledges that it cross-appealed some of the circuit court's orders and that "some parts of the record are relevant only to its cross-appeal." However, it maintains that additional portions of the record are necessary for consideration of Darrough's direct appeal. For example, it notes that Darrough did not designate TSI's answers to her original and amended complaint, TSI's memorandum in support of its motion for judgment on the pleadings, its reply to her response to its motion, or the transcript of the hearing on the motion.

Darrough responds that her sole argument on appeal is whether the circuit court erred in entering, as its order, a precedent prepared by TSI that was not consistent with the court's ruling. She asserts that the only portions of the record necessary for a consideration of this question are the trial court's ruling, the order proffered by TSI that was entered by the trial court, her objections to the order, and her motion to vacate or modify the order. In addition, her notice of appeal designated the complaint, the amended complaint, TSI's motion for judgment on the pleadings or alternatively for summary judgment, and her reply to that motion. She contends that TSI's requests to have her designate and supply the entire record is nothing more than an attempt to require

her to "incur unnecessary and unreasonable expenses in preparing parts of the record that are not relevant to Darrough's appeal, but are relevant only to its cross-appeal."

Rule 6 of the Arkansas Rules of Appellate Procedure–Civil governs the record on appeal, providing in relevant part as follows:

> (b) *Transcript of proceedings.* On or before filing the notice of appeal, the appellant shall order from the reporter a transcript of such parts of the proceedings as he has designated in the notice of appeal and make any financial arrangements required by the court reporter pursuant to Ark. Code Ann. § 16-13-510(c). If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or contrary thereto, he shall include in the record a transcript of all evidence relevant to such finding or conclusion. *If the appellant has designated less than the entire record or proceeding, the appellee, if he deems a transcript of other parts of the proceedings to be necessary, shall, within ten (10) days after the filing of the notice of appeal, file and serve upon the appellant (and upon the court reporter if additional testimony is designated) a designation of the additional parts to be included. The appellant shall then direct the reporter to include in the transcript all testimony designated by appellee.*
>
> (c) *Record to be abbreviated. All matters not essential to the decision of the questions presented by the appeal shall be omitted.* Formal parts of all exhibits and more than one copy of any document shall be excluded. Documents shall be abridged by omitting all irrelevant and formal portions thereof. For any infraction of this rule or for the unnecessary substitution by one party of evidence in question and answer form for a fair narrative statement proposed by another, the appellate court may withhold or impose costs as the circumstances of the case and discouragement of like conduct in the future may require; and costs may be imposed upon offending attorneys or parties.

(Emphasis added.)

The Reporter's Notes to Rule 6(b) comment that the rule "makes no provision for adjustment of costs where the record is supplemented at the request of the appellee. Normally, appellant bears the initial expense and the Arkansas Supreme Court can thereafter make the proper adjustment of costs upon request of one

of the parties." Ark. R. App. P.–Civ. 6 (Reporter's Notes (as modified by the Court) to Rule 6, ¶ 2). Here, Darrough designated those portions of the record that were relevant to the sole point she intends to raise on appeal. If TSI, as cross-appellant, felt that other portions of the record were necessary to its arguments on cross-appeal, it was incumbent on it to designate those portions and make any financial arrangements required by the court reporter. Rule 3(e) of the Rules of Appellate Procedure states that a notice of appeal *or cross-appeal*:

> shall specify the party or parties taking the appeal; shall designate the judgment, decree, order or part thereof appealed from and shall designate the contents of the record on appeal. The notice shall also contain a statement that the appellant has ordered the transcript, or specific portions thereof, if oral testimony or proceedings are designated, and has made any financial arrangements required by the court reporter pursuant to Ark. Code Ann. § 16-13-510(c).

Ark. R. App. P.–Civ. 3(e). Thus, it was TSI's own burden to see to it that those portions of the record it felt were necessary *to its cross-appeal* were included in the record; it was not Darrough's burden to anticipate TSI's arguments on cross-appeal and prepare, at her expense, the record that TSI wanted.

TSI's motion to dismiss is denied.